Good morning. Carl Beckstead appearing on behalf of Lenroy Phillip, the appellant, and I'd like to reserve five minutes of rebuttal if it may please the court. Thank you. We're here today on a matter that involves two issues and I have to apologize. I'm getting over a cold. I didn't think people caught colds in the islands. I didn't. I was on a deposition trip last week, five cities in six days. I'll teach you to settle your cases early. Good point your honor. I'll take that up with my client if they want to keep their lawyer. I don't have an early death. At any rate your honor, my understanding is that the court specifically wanted us to address jurisdiction under 1613 and I'm happy to respond to any questions with respect to that. Our viewpoint is pretty simple that this is a final decision that has been rendered by the Supreme Court of the Virgin Islands that it meets at least two of the requirements under the Cox case. Tell us which ones if you would. Yes your honor. We've got four exceptions, four provisions under Cox. The first provision is the one that I believe is most applicable and I'm just turning to it in my brief. In which it's a decision that first of all it will not be subject to review at a later date and the scenarios that we play out are that if the case, the appellee suggests that if the case goes back to the trial court it's as if the trial judge had denied summary judgment and we could bring that appeal at a later date but that's not the case because. You've argued race judicata here somewhere haven't you? Correct. How does race judicata apply in this case? My sense was you were saying that you could not raise the same issue in a second appeal and I don't see how that's race judicata. Well what the Supreme Court has made the decision has entered the decision that employers are not protected under the workers compensation immunity. If it goes back to the trial level and we have a trial and let's assume for the record that Mr. Phillip loses the case and there is an appeal of the verdict we would be appealing to the Supreme Court that their decision that they already entered finding that there is no immunity offered to an employer we would be appealing that decision so they would I believe race judicata or issue preclusion would prevent us from bringing that issue back up. They would say we decided that issue in the appeal of the trial court's original grant of summary judgment so therefore this decision has been settled. Our only recourse at this point in time is to petition this court to revisit or to review that decision of the default court. We can't come back to that court the highest the Supreme Court and ask them to revisit that if on the other hand Mr. Phillip wins at trial now the issue is moot if there's an appeal I suppose there could be a potential cross appeal but again you'd be back to square one with the decision being revisited by the Supreme Court but if he wins at trial and there's no appeal then the default court's decision the Supreme Court's decision in default stands as the law of the land in the Virgin Islands and again no chance for an appeal. So we believe the residue judicata lies in the Supreme Court of the Virgin Islands saying we decided that issue fully when it was briefed the first time on appeal of the lower court's decision. That's different than if the lower court had denied the summary judgment motion in which case the case would continue to trial and then at the appeal stage we would be able to appeal the denial of the summary judgment motion by the lower court and presumably it would invoke the fact that the trial counsel would have to bring a rule 50 motion as well as after the verdicts entered would have to preserve that objection to the denial of the summary judgment with a motion post verdict post trial motion. What is the you have as I recall it relied upon two of the exceptions? Yes okay and my apologies to the court I just looking for my this will be the major faux pas of appellate counsel not to have too many tabs such that I can't find my recitation of the Cox criteria. Well could could this possibly also fit under the fourth Cox exception that applies only if a failure to grant review might seriously erode federal policy? I think that that may be a stretch your honor but if it erodes federal policy in the sense that yes Congress has mandated that this court for the 15-year period or shorter period of Congress decides or longer period but for a period of time Congress has mandated that the decisions of the Supreme Court of the Virgin Islands be subject to review by this court and therefore if this court does not engage in its mentoring process and it's its responsibility that Congress has set to work with the Supreme Court of the Virgin Islands to establish the would be a violation. All right why don't we move on then from questions and issues of jurisdictional import to the merits. Yes your honor in short the issue that this case presents that's different from any other cases that have thus far come along is whether or not the Supreme Court has the ability to overturn established precedent that's directly on point that the that has been previously issued by the Third Circuit in particular the Tavares opinion which as I understand it was written by just Judge Smith. So that will no we can we can get to that but but I would like to focus on what I read the issue to be and that seems to me to be whether or not it is simply our pre-2007 cases which Tavares is that are really implicated here because hasn't our court clearly said that at least from 2007 forward the Virgin Islands Supreme Court is making the law of the Virgin Islands be it common law determinations or the agree with that. All right so if that's the case what is it about pre-2007 that should somehow afford to those cases including Tavares some Talmudic nearly Talmudic authority? An excellent question your honor and I think that this court has embraced the fact that at least at a minimum there and I and I look to the local rule of this court 112.1 where it suggests that great consideration is going to be given to whether the Supreme Court of the Virgin Islands enters an opinion that conflicts with the applicable decisions of this court. Well there's no question that there is a conflict here but isn't the real test whether or not the Virgin Islands decision is inescapably wrong. I think I agree that that is a the root test. So no matter how one might wax about the clarity and logic and excellence of the Tavares opinion how can we say that the Supreme Court of the VI was inescapably wrong here? Well in fact is not what has been presented to us on Sarah Sherrera not the rightness or wrongness of the Supreme Court's decision but the effect of precedent. If if you had said that the Supreme Court's decision was inextricably wrong you would have asked for cert on that issue but that's not the issue you got cert on is it? Well my I I know the appellee will argue that that's not the issue that we got cert on but that was intertwined in the issue and I believe it is the issue in part that we got cert on. In the reply brief we brought up and we tried to emphasize the fact that the absurd consequences of the Supreme Court's decision basically opening liability to all co-employees whether they're doing a 2007 Third Circuit opinion binding on the Virgin Islands Supreme Court and let me let me give you a hypothetical. If for instance the district court in Delaware disagreed with a previous Third Circuit decision and wrote to an opinion to the contrary went up to the Third Circuit the Third Circuit if it said aha that that district judge very brilliantly saw points that that we didn't see in our earlier decision we will go in bank and we will reconsider our earlier decision. Now if the same thing happens with the Virgin Islands and the Virgin Islands Supreme Court after careful and intelligent consideration of the issue says that this prior case brilliant as it may have been. Clear and lucid. Yes clear and lucid does not should not govern us in this situation this this case should go in bank and the Third Circuit as a coordinate bank can reconsider the earlier decision. Now with a decision by the Virgin Islands Supreme Court how can you take it in bank to have that later decision reconsidered by the Third Circuit in light of the earlier decision. I think the only way you can take it in bank is by getting certiorari during the supervisory period but that would be getting certiorari on the merits rather than getting certiorari on the procedural issue. Your Honor the one of the key points for an appeal is if there is a direct conflict and in this petition we argued number one that the Third Circuit or the Supreme Court of the Virgin Islands has acknowledged that the Third Circuit is the highest court in this jurisdiction during at least this interim period until they're released from the oversight of the Third Circuit. For what purposes? You wouldn't maintain would you that if this were a decision based upon the common law of the Virgin Islands that the Supreme Court of the Virgin Islands decision whatever it was would be inescapably wrong would you. Are you suggesting that a decision by the Third Circuit on VI common law should somehow trump a decision of the Supreme Court of the Virgin Islands? If the Supreme if the decision of the Supreme Court of the Virgin Islands was inescapably wrong or clearly erroneous then I believe that the Third Circuit would have an obligation and its duty of overseeing the Supreme Court during this period of time to take that case on cert and to examine the case as part of its perhaps mentoring process or process of allowing the Supreme Court to work to succeed at creating traditions. I don't mean in any way to nitpick here but but you've on several occasions invoked the term mentoring process and that's that's not a term that as far as I know appears anywhere in the description of the relationship between our two courts neither statutorily nor anywhere else that I'm aware of. I mean we we have had a role under federal statute of reviewing the performance but I don't know that we're in a position of teaching or mentoring or certainly that Congress has actually given us that role. Have I missed something? No perhaps my choice of words is incorrect but obviously the Supreme Court is responsible for making sure that there are sufficient traditions that are implemented and I think in doing that and also especially with consideration to examining closely opinions of the Supreme Court that diverge or conflict with the Third Circuit is probably an indication or a triggering mechanism that we need to look closely here at these at the traditions. All right thank you we'll we'll have you back on rebuttal Mr. Beckstein. Mr. Holt. Good morning for the record my name is Joel Holt and I represent the appellee Mr. Defoe. I'd like to note at the outset that when I began this case I certainly didn't intend to end up here arguing that Tavaris be overturned. I thought the case below would turn on simpler issues such as driving a vehicle and involving a non-supervisory supervisory co-employee. Isn't there a good argument that Tavaris is distinguishable from this case? Yes and I'll argue that all the way through. Because of the brilliant consideration of Tavaris. I think we've made that point pretty well and I'll take judicial notice of it at this point. In Tavaris you didn't address 263 because the appellant there or his lawyer didn't raise it. And in 192-193 on those pages you also pointed out that this is applied to supervisory employees who are implementing the safe workplace of the employer. And you also then in a footnote said you didn't address the other issues that might exist in cases where there is an automobile and a different independent relationship. So when I started this case I didn't intend to be here arguing that Tavaris should be overruled. So what do you want us to do? Dismiss the appeal as improvidently granted or do you want us to rule that the Virgin Islands Supreme Court has the power to chart its own course even if inconsistent with the prior decision of this court? You know on the jurisdictional issue I'm kind of on a prong here because I don't really want to go back and try this case again, come back up to the Supreme Court and if certs still exist be here again. If as a betting man the way the House has now adopted the recommendations of the Supreme Court, I mean of the Third Circuit to let jurisdiction be gone and the Senate will probably adopt that. But as a betting man I might say I'll take my chances on that. But the truth of the matter is I'd like to end this issue. So I don't really want to oppose the jurisdictional arguments they raise even though I don't think the Cox factors are met and they rely a lot on Rule 112 of the Third Circuit but Rule 112 is just a procedural device, it's not a jurisdictional device. And so I can argue that it's not really final under Cox. For example, he said well what if Defoe wins below, I mean loses below. Well if Defoe loses below, Linroy Phillips is happy, he's won his case, he doesn't care about this issue. So it's a non-issue. And let's look at it the other way, what if Defoe had won summary judgment below, gone to trial, gotten a judgment, gone up to the Supreme Court, the Supreme Court had affirmed summary judgment on this issue but had sent it back for reasons unrelated to this. Could they then ask for cert? Or would he have to go back and start the case over? The fact that it got to the Supreme Court, does that give it some special recognition that we don't have to go back to the Superior Court? So I can argue that there's no jurisdiction. But let's go past that and get to the merits of the argument. Can the Virgin Islands Supreme Court in a well-reasoned opinion do what it did in this case by overtly saying that it was reversing Taveras? Which I don't think it needed to do. I think it could have merged in 263, it could have done the non-supervisory person, it could have done the automobile, but it didn't. And I respectfully submit that based upon Pichardo and Lewis, that this Court has set forth the standards, and that is the Virgin Islands Supreme Court is the last say on local law. And unless they do something that's inescapably wrong or manifestly erroneous, that they have the say on it. And Judge Roth, I appreciate that. The majority of states have gone the other way. Does that suggest that they were inescapably wrong here? No, I think if you read the Supreme Court opinion on that, they talk about the reason they've gone on the other way is because there's different statutory language in those jurisdictions. That in the jurisdictions which have language like ours, there's very well-reasoned opinions saying that the term employer means exactly that, and that they don't have the immunity. So I think the Supreme Court addressed that issue in its opinion by going through all of those cases and analyzing those cases. And of course, what you're doing is, again, as Judge Roth said, you're now getting to the merits of the argument, which really wasn't what CERT was granted on. And Judge Roth raised another point, and that was, in the Third Circuit, you have an en banc hearing when you want to reverse a prior panel. The Supreme Court doesn't really have that option. But I look at the analogy a little bit differently, and that is the version on the Supreme Court is like any state Supreme Court or the U.S. Supreme Court. If there is a prior opinion which they think is no longer the reasonable rule of law, then they can reverse it. Of course, the well-known is Plessy v. Ferguson. This doesn't rise to that level as far as the importance of the social issue, but coming back to that, I just think that's how Supreme Courts work. And in this particular case, the only catch on that is the fact that this Court has 15 years or whatever it will be, jurisdiction to hear appeals. And I would respectfully submit that the reasoning that was set forth in Bacciardo and in Lewis is basically the rule of law that the Circuit has set, and which I think that the version on the Supreme Court carefully followed in reaching the conclusion that it did. I don't think that they quickly did this. As a matter of fact, this case was pending some time in the Supreme Court. I was beginning to wonder if they were going to rule on it. And actually, they came out with a very well-reasoned decision in December, which dealt with the case that you had referred to them for an opinion on state law. And in hindsight, I think they were holding this opinion just to bring them all in to try to establish what their authority is and what they could do. And I think that's probably why they went further than I think they really needed to do to get to the result they did, because I think they could have just said Tavares is distinguishable for all the reasons that I've already gone over. And instead, I think they wanted to confront the issue to see what their authority was. And I think they made my job harder by doing that, but I'm not going to turn around and say that's not what they did. I'd like to argue that's not what they did, but when you read their opinion, clearly that's what they did. And so I think as we are here today, I can argue that there's no Cox factor that really makes the final judgment. I can argue that Rule 112 doesn't really give you jurisdiction. It's just a procedural statute for how you would take jurisdiction over final arguments. And I can argue that Tavares is distinguishable for all the reasons I've already said. But the truth of the matter is the issue that is here today is whether or not the Virgin Islands Supreme Court can, on a local law issue and a well-reasoned opinion, reverse a prior decision of this circuit, a pre-2002 opinion from this circuit. And I think based upon the logic and the reasoning and Pichardo and Lewis, the answer is yes that it can. And frankly, I probably have to take it personally, if you said they can here and then next week the Senate rules and certiorari goes out, then this will be the only case where that doesn't happen. And of course, as I started this whole argument, if I'd ever thought that Representative DeFoe would get me here today, I never intended to try to overturn the eloquent decision of Tavares. And I never thought that would happen. I really appreciate that. And of course, you're the author also of the recommendation that the oversight be removed as well. So basically, those are my arguments. And unless you have other questions, I don't really have anything else to add to it. We have nothing. Thank you very much, Mr. Holt. And we'll have Mr. Beckstead back for rebuttal. I do think that the issue of whether or not this decision is inescapably wrong was brought forth in the petition. And there was definitely a lot of effort put in to show how the absurd consequences that we see as a result of this very broad finding of making all co-employees, regardless of what duty that they're carrying out, immune or to no longer have immunity under the workers' comp is going to have a devastating effect in the Virgin Islands. It's the minority view, though. This isn't unprecedented. So are the other states that are in the minority inescapably wrong? Well, the concern that we have with the decision, for example, when the Supreme Court of the Virgin Islands reaches its decision, it starts out its whole premise on the fact that there are no definitions of employer or employee in the workers' comp code. And it cites to the Third Circuit's decision a few months before the Tavarez decision and the Eddy decision. And it wrongly cites to that decision to say there are no definitions. Whereas what the Third Circuit said is there was session law by the Virgin Islands government that added additional definitions, but then later in the session law it talked about adding a couple of clauses to the definition section. And I guess the editors at Butterworth removed the definitions and in place put in these couple of clauses about administrative data into the workers' comp code. So that whole analysis that was done by the Eddy court wasn't done by the Supreme Court. And they jumped to the conclusion that there are no definitions of employer or employee. Likewise, when they talk in their decision about how... You're saying there is a definition of employer and employee? I... What is it? And where is it? Well, they cite to it in the decision. The original workers' comp code had a definition of employer and employee in section, I believe it's 251 or 261. And then in 1994 the legislature passed the session law which added some new definitions to create an administrator. And this is discussed in the Eddy case. And the... And then because of an apparently another version of that same section later in the session law, which I believe was intended to add some additional sentences to the definitions statute. The way it's worded, the editor replaced the definition. So within the same session law you have new definitions being added and then the editor just wiping all those out along with the old definitions and putting in these two sentences as the new section 261. And you think that was an error? It appears to be an error. Well, how do we know? It's plausible, but we can't be sure. The Eddy court looked at it as not having been expressly repealed is how the Eddy court reviewed those session laws. But my point is, more importantly, the Virgin Islands Supreme Court didn't even address that issue in determining that there are no definitions. Also, in the decision, again, getting into the whole issue about the absurd consequences of this finding, which is at the heart of both Tavarez and this decision, the Virgin Islands Supreme Court relied on a whole list of cases for the argument that an agent is not relieved from liability even when entrusted with a non-delegable duty. But if you read through each of those cases, they're all involving independent contractors, a bank that hired somebody to keep ice off the sidewalk, a company that hired someone to salvage a vessel. Not one of them is involving an employee doing the employee's duty. So this whole issue, which was brought up in the petition for cert about the consequences of finding that an employee is going to be able to be sued by a co-employee, I think is at the root of what's inescapably wrong in this case. And it seems like the Virgin Islands Supreme Court took pains and perhaps, with all due respect, because I agree, they are doing a very, it's a great, wonderful time to be a Virgin Islands bar member and to see our Supreme Court doing what it's doing. And in a way, it pains me, but it's still, I think, a problem in this decision where they've gone to the wrong conclusion based upon the way they've gone about looking at these cases as well as the definitions in the statute and whether or not they're there or not there. And that analysis, it remains to be seen what it would be if they decided that, no, the legislature didn't intend and it's not clear that the legislature intended to remove these definitions. Would that lead to a different analysis? I don't know, but I think that if this court looks at the analysis and looks at what they're doing, it'll find that the way they're basically applying statutory construction is in a way that should not be done, that results in a clearly erroneous end result. And one other thing I want to point out, too, is the legislature never, in the decade since Tavarez came out, worked to change or to pass legislation to change Tavarez. If anything, the legislature has embraced Tavarez as being exactly what is meant under the Workers' Compensation Act. And so that never gets really considered. And the fact that in the 22 jurisdictions, of the 26, I think, jurisdictions that had this issue with what's a third party and doesn't it include employees? The Supreme Court did not, in their opinion, address the inaction, shall we call it, on the part of the VI legislature, did they? They did not. That's my recollection. And what we find from reading what they did address is that 22 other jurisdictions jumped, when they found out that employees were going to be considered third parties, they jumped to change. So if anything, the overall legislative intent throughout the country is to have employees be immune. And so in conclusion, I do believe that the issue of whether or not the decision is inescapably wrong is embodied in the petition for cert. It's coming up through the issue of whether or not they're required to follow the Third Circuit, at least during this period of time, while the Third Circuit is the highest court in the land. Thank you very much, Mr. Beckstead. I hope you get rid of that cold while this panel returns to the Northeast and the mainland. I think you'll be doing better over the long haul than we will. Thank you for a well-argued case, counsel. We'll take the matter under advisement.